IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GILBERT M., <br>   PETITIONER, <br><br> v. <br><br> JIMMY JOHNSON, WARDEN, ET AL., <br>   RESPONDENTS. | CIVIL CASE NO. 3:18-CV-2592-L-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States Magistrate Judge for case management, including findings and a recommended disposition. On September 25, 2018, Petitioner, an alien detainee awaiting removal, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release on an order of supervision or to expedite his removal to Kenya. Doc. 1 at 1, 14. On July 10, 2019, Respondent filed a *Status Report,* advising that on April 30, 2019, the Immigration Judge had granted Petitioner's application for voluntary departure and, in the alternative, entered an order for removal. Doc. 22 at 1. However, a review of Immigration and Customs Enforcement ("ICE") Online Detainee Locator System reflects that Petitioner is no longer in ICE custody.[1] The Court thus examines *sua sponte* whether the claim presented in the habeas petition is now moot. *See* FED. R. CIV. P. 12(h)(3).

---

[1] The Online Detainee Locator is available at https://locator.ice.gov/odls/ (last accessed on June 9, 2019).

1

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

Here, the federal habeas petition only sought Petitioner's release from custody on an order of supervision or to expedite his removal. Doc. 1 at 14. Because Petitioner has received all relief requested, his sole cause of action is now moot, and this Court lacks jurisdiction to consider his petition.

Therefore the petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction as moot.

**SO RECOMMENDED** on August 23, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).